UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV182

| | |
|---|---|
| GENEVA COSTNER )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>BI-LO, LLC, )<br>   Defendant. ) | ORDER |

## INTRODUCTION

This negligence action arises out of the alleged injury suffered by plaintiff after she tripped over a piece of broken tile in the entry-way of a BI-LO Supermarket in Monroe, North Carolina. In her complaint filed in state court, the plaintiff alleged general damages in excess of ten thousand dollars ($10,000.00). (Doc. No. 5). The defendant removed the state action to this Court pursuant to 28 U.S.C. § 1441(a) alleging complete diversity and that the amount in controversy exceeds seventy five thousand dollars ($75,000.00). (Doc. No. 4).

For the reasons that follow, the Court gives the defendant ten (10) days from the date below to amend its Notice of Removal so as to demonstrate complete diversity between all members of the defendant LLC and the plaintiff or the case will be remanded to the Superior Court for Union County of North Carolina.

1

ANALYSIS

"The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law. Though that obligation may be tempered at times by concerns of finality and judicial economy, nowhere is it greater and more unflagging than in the context of subject matter jurisdiction issues, which call into question the very legitimacy of a court's adjudicatory authority." American Canoe Association, Incorporated v. Murphy Farms, Incorporated, 326 F.3d 505, 515 (4th Cir. 2003). The Fourth Circuit has held, "We are obligated to construe jurisdiction strictly because of the significant federalism concerns implicated. Therefore, if federal jurisdiction is doubtful, a remand to state court is necessary." General Technology Applications, Inc. v. Exro LTDAU, 388 F.3d 114, 118 (4th Cir. 2004) (citing Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (internal citations and original alterations omitted)). "Likewise, it is equally well-settled that the parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes." Id. (citing Roche v. Lincoln Prop. Co., 373 F.3d 610, 615-16 (4th Cir. 2004)).

In order for a district court to have subject matter jurisdiction via diversity of citizenship pursuant to 28 U.S.C. § 1332,[1] the matter in controversy must exceed $75,000, and be between citizens of different States.

The Fourth Circuit has held that "[a] limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise." Id. at 121 (citing GMAC Commercial Credit LLC v. Dillard Dep.'t Stores, Inc., 357 F.3d

---

[1] The defendant based its removal upon § 1441(a) which requires that the removed action be one over which a district court has original jurisdiction. It follows that the jurisdictional requirements set forth by § 1332 applies equally to removed actions pursuant to § 1441(a). Wiggins v. North American Equitable Life Assurance Company, 644 F.2d 1014, 1016 (4th.Cir. 1981); see also 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Civil § 3725 at 68 (3d ed. 1998).

827, 829 (8th Cir. 2004)). Accordingly, "a limited liability company is assigned the citizenship of its members." Id. at 120; see also 32A Am. Jur. 2d Federal Courts § 834 (providing in part, "The rule for determining the citizenship of an unincorporated association is well established: the citizenship of an unincorporated association, for federal diversity jurisdiction purposes, is the citizenship of each of the individual members of the association. . . . Consequently diversity of citizenship does not exist where any one of the members of the association is a citizen of the same state as one of the association's adversaries in a suit"). Therefore, in order for the instant defendant to demonstrate complete diversity, it must show that no member of the defendant LLC is a citizen of North Carolina.

## CONCLUSION

Because neither party has addressed this issue, the Court is unable to determine whether complete diversity exists. Therefore, the Court will grant the defendant leave of ten (10) days from the date below to amend its Notice of Removal to demonstrate complete diversity between the members of the defendant LLC and the plaintiff, or the case will be remanded to the Superior Court for Union County of North Carolina.

Signed: May 29, 2007

Robert J. Conrad, Jr.
Chief United States District Judge